Brian L. Johnsrud (SBN 184474)
Emilie Smith Petirs (SBN 238845)
Kourosh Jahansouz (SBN 292559)
**DUANE MORRIS LLP**
2475 Hanover Street
Palo Alto, CA  94304-1194
Telephone: +1 650 847 4150
Fax: +1 650 847 4151
E-mail:  bjohnsrud@duanemorris.com
         epetirs@duanemorris.com
         kjahansouz@duanemorris.com

Attorneys for Defendants
ARIBA INC. and SAP AMERICA, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MONTOYA, JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARIBA INC., a foreign corporation; SAP AMERICA, INC., a foreign corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 8:22-cv-01861-FWS-JDE<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:   December 1, 2022<br>TIME:   10:00 a.m.<br>DEPT:   10D<br><br>JUDGE:  Hon. Fred W. Slaughter<br>COMPLAINT FILED: Sept. 6, 2022 |

**TO THIS HONORABLE COURT AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 1, 2022, at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 10D of the United States District Court for the Central District of California, located at 411 West 4th Street, Room 1053, Courtroom 10D, Santa Ana, California 92701-4516, Defendants Ariba

Inc. ("Ariba") and SAP America, Inc. ("SAP") will move the Court, and hereby do move the Court, for an order transferring this action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404(a).

This Motion is based on the following grounds:

1. The SAP Global Incentive Plan Terms and Conditions for Revenue Generating Roles (and the Addendum for North America, U.S. and Canada, thereto) ("GIP"), to which Plaintiff Luis Montoya, Jr. ("Montoya") is a party, contains a forum selection clause designating the Eastern District of Pennsylvania as the venue for disputes arising between the parties;

2. The forum selection clause is valid;

3. Montoya cannot meet his heavy burden of showing that the Court should ignore the forum selection clause's mandate that this action proceed in the Eastern District of Pennsylvania; and

4. The forum selection clause dictates that all claims asserted in this action proceed before the court in the Eastern District of Pennsylvania.

This Motion is made following the conference of counsel pursuant to L.R. 7-3. On October 13, 2022, Defendants' counsel emailed Plaintiff's counsel about the forum selection clause in the GIP and asked whether Plaintiff would agree to stipulate to the transfer requested in this Motion. Plaintiff's counsel agreed to meet and confer on the issue prior to Defendants filing the Motion. On October 17, 2022, counsel for Defendants and Plaintiff held a telephone conference and discussed the issues in this Motion. Plaintiff's counsel asked for copies of the GIP, and on October 24, 2022, Defendants' counsel sent the 2020, 2021, and 2022 GIPs to Plaintiff. As of today's date, Plaintiff has declined to agree to the transfer and Defendants now proceed in filing this Motion.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the

declaration of Elizabeth Heck filed in support of Defendants' Notice of Removal (ECF Document No. 1-1), the concurrently-filed declarations of Jessica Moreno Rosales and Susan Vickers, Defendants' Request for Judicial Notice and Exhibits thereto, all pleadings, papers and records on file in this action, deemed to be on file or of which this Court may take judicial notice, and upon such further oral argument and documentary evidence as may be presented at the time of hearing.

Dated: October 26, 2022
                **DUANE MORRIS LLP**

By: */s/ Brian L. Johnsrud*
     BRIAN L. JOHNSRUD
     Attorneys for Defendants
     ARIBA INC. and SAP AMERICA, INC.

# **TABLE OF CONTENTS**

**Page No.**

I.   INTRODUCTION ........................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND............................................ 1

III. LEGAL ARGUMENT .................................................................................... 4

    A.   A Forum Selection Clause Is Enforceable By A Motion To Transfer. ..................... 4

    B.   The Forum Selection Clause Is Valid. ................................................................ 4

        1.   The Forum Selection Clause Is Presumed Valid And Montoya Cannot Meet His Heavy Burden To Overcome This Presumption. ......................... 4

            a.   The Forum Selection Clause Is Not A Product Of Fraud Or Overreaching. ............................................................................... 5

            b.   Enforcement Of The Forum Selection Clause Will Not Deprive Montoya Of His Day In Court. ........................................................ 6

            c.   Enforcing The Forum Selection Clause Does Not Contravene Public Policy, And is Consistent With It. .......................................... 7

        2.   California Labor Code §925 Does Not Void The Forum Selection Clause. 8

    C.   The Court Should Enforce The Valid Forum Selection Clause. .............................. 9

    D.   This Action, In Its Entirety, Should Be Transferred To The Eastern District Of Pennsylvania. ............................................................................................... 11

IV.  CONCLUSION ............................................................................................ 13

# **TABLE OF AUTHORITIES**

**Page No(s).**

**Cases**

*Adema Techs., Inc. v. Wacker Chem. Corp.*
 657 Fed. Appx. 661 (9th Cir. 2016) ..................................................................6,7

*Argueta v. Banco Mexicano, S.A.*
 87 F.3d 320 (9th Cir. 1996) ...................................................................................7

*Atl. Marine Constr. Co. Inc. v. U.S. Dist. Court for W. Dist. of Texas*
 571 U.S. 49 (2013) ...............................................................................4,7,8,9,10

*Dolin v. Facebook, Inc.*
 289 F. Supp. 3d 1153 (D. Haw. 2018) ..................................................................5

*Elwell v. SAP America, Inc., et al.*
 Case No. 2:17-cv-08314-GW-AFM (C.D. Cal. February 2, 2018) ................9,10,11

*Ezieme v. Ward Int'l Trading, Inc.*
 2009 WL 2818394 (C.D. Cal. 2009) .....................................................................8

*Kutty v. SAP America, Inc., et al.*
 Case No. 5:19-cv-02473-SVK (N.D. Cal. November 5, 2019) ......................9,10,11

*M/S Bremen v. Zapata Off-Shore Co.*
 407 U.S. 1 (1972) ..................................................................................................4

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*
 858 F.2d 509 (9th Cir. 1988) ...............................................................................11

*Oman v. Delta Air Lines, Inc.*
 9 Cal. 5th 762 (2020) ..........................................................................................12

*Perry v. AT&T Mobility LLC*
 2011 WL 4080625 (N.D. Cal. Sep. 12, 2011) .....................................................11

*Richards v. Lloyd's of London*
 135 F.3d 1289 (9th Cir. 1998) ...............................................................................4

*Robles v. Comtrack Logistics, Inc.*
 2015 WL 1530510 (E.D. Cal. 2015) ...................................................................11

*Robles v. Schneider Nat'l Carriers, Inc.*
 2017 WL 8232083 (C.D. Cal. Dec. 11, 2017) ....................................................11

*Scott v. Lopez*
 2013 WL 1182957 (N.D. Cal. 2013) ...................................................................11

# TABLE OF AUTHORITIES

**Page No(s).**

*Wholesale Am. Mort., Inc. v. Integra Software Sys., LLC*
  2008 WL 2774187 (N.D. Cal. 2008) ..................................................................................5

*Zako v. Hamilton Co.*
  2016 WL 344883 (N.D. Cal. 2016) ...................................................................................11

**Statutes**

28 U.S.C. §1404(a) .................................................................................................................1,4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Luis Montoya, Jr. ("Plaintiff" or "Montoya") and his former employer Defendant Ariba Inc., a wholly-owned subsidiary of Defendant SAP America, Inc. (together, "Defendants"), are parties to the SAP Global Incentive Plan Terms and Conditions for Revenue Generating Roles (and the Addendum for North America, U.S. and Canada, thereto) (the "GIP"). The GIP contains a forum selection clause requiring that disputes between the parties, such as the instant one, be brought in the Eastern District of Pennsylvania. In contravention of the clause, Montoya filed suit against SAP in Orange County Superior Court, and Defendants properly removed the action to this Court. Pursuant to 28 U.S.C. §1404(a), Defendants now move the Court for an Order transferring this action to the Eastern District of Pennsylvania.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 23, 2020, Montoya began working at Ariba Inc. as an SAP Senior Solution Sales Executive. (Compl., ¶ 10; Declaration of Jessica Moreno Rosales ("Rosales Decl."), Ex. D; Declaration of Susan Vickers ("Vickers Decl."), ¶ 2.)

Following his acceptance of Ariba's offer of employment, as a member of SAP's sales team, Montoya received an email at his work email address with an electronic link to a copy of the GIP, which made him eligible to earn certain incentive compensation. (Rosales Decl., ¶¶ 4-5 and Exs. E-H.) Montoya acknowledged and voluntarily agreed to be bound by the GIP in 2020, 2021, and 2022. (Rosales Decl., ¶¶ 3-6 and Exs. A-H.)

The GIP contains the following, unambiguous forum selection clause:

> Any action or proceeding relating to the [GIP], this Addendum and the overall Revenue Generating Incentive Plan and to any agreement relating to the Terms and Conditions, this Addendum and the overall Revenue Generating Incentive Plan … will be solely brought in the courts located in the Commonwealth of Pennsylvania either in the **United States District Court for the Eastern District of Pennsylvania** or in the Court of Common Pleas of Delaware County

…

(Rosales Decl., ¶ 2, Ex. A at p. 57[1] (emphasis added); *see also* Ex. B p. at 59 and Ex. C at p. 53.)  Montoya never asked SAP to remove the forum selection clause from the GIP, never suggested that he had any question about it (much less any objection to it), and never sought to negotiate the provision.  (Rosales Decl., ¶ 4.)

Defendants dispute that Montoya is entitled to any additional compensation, commission or any other form of remuneration from it (other than what Defendants have already paid to him).  However, Montoya's claims in his Complaint relate to the application of the GIP, its addenda, the overall Revenue Generating Incentive Plan, and "to any agreement relating to the Terms and Conditions."  *See* Complaint.  Specifically, Montoya pleads in the Complaint that:

- Defendants allegedly failed to pay Montoya a large commission on a particular sales deal (the "First Solar deal") (resolution of which requires application of the GIP's terms and conditions and related quota and booking rules incorporated into Montoya's commission plan), and related waiting time penalties for the alleged failure to timely pay the commission (Compl., ¶¶ 12-20,  28-35, 45-50);
- The failure to pay Montoya a large commission on the First Solar deal (which was governed by the application of the GIP's terms and conditions and related quota and booking rules incorporated into Montoya's commission plan) was allegedly an unfair business practice (*Id.,* ¶¶ 36-44);
- The alleged failure to pay Montoya a large commission on the First Solar deal (which was governed by the application of the GIP's terms and conditions and related quota and booking rules incorporated into Montoya's commission plan) allegedly made Montoya's voluntary

---

[1] This page number refers to the numbers printed at the bottom of the pages in the document.

resignation a "constructive discharge," subject to a claim for wrongful termination (*Id.*, ¶¶ 20, 51-57); and

- Employees of the Defendants allegedly made intentional, fraudulent, and/or negligent misrepresentations that they did not intend to perform with regards to a potential commission on the First Solar deal (where application of the GIP is necessary for resolution of these claims because the commission plan documents expressly provide that the terms and conditions of the GIP and related documents govern eligibility for and calculation of incentive compensation and employees should not rely on any other assurances) (*Id.*, ¶¶ 16-19, 58-73).

If Montoya were entitled to some additional compensation or commission, the GIP and related documents would govern its amount, when payment must be made, and all other associated terms and conditions. (Rosales Decl., ¶¶ 2-6, Ex. A.) Resolution of Montoya's unfair business practices, tort, and fraud claims also relate to the GIP because he asserts that promises were made notwithstanding the GIP's controlling terms.

Despite the mandatory Pennsylvania forum selection clause in the GIP and the fact that principal custodians and individual with knowledge about documents, data, and records pertaining to Montoya's compensation and commissions primarily reside in Pennsylvania, Montoya filed this action, by which he seeks sales commissions and other relief, in Orange County Superior Court, which Defendants properly removed to the Central District of California. (Rosales Decl., ¶ 2, Ex. A, p. 57; Declaration of Elizabeth Heck in support of Defendants' Notice of Removal at ECF Document No. 1-1 ("Heck Decl."), ¶¶ 3-4; Vickers Decl., ¶ 3.)

Thus, consistent with the GIP, Defendants now move to transfer this action to the Eastern District of Pennsylvania.

## III. LEGAL ARGUMENT

### A. A Forum Selection Clause Is Enforceable By A Motion To Transfer.

Pursuant to 28 U.S.C. §1404(a), SAP moves this Court to transfer the action to the Eastern District of Pennsylvania. *See, e.g., Atl. Marine Constr. Co. Inc. v. U.S. Dist. Court for W. Dist. of Texas,* 571 U.S. 49, 59 (2013) (holding that a forum selection clause "may be enforced through a motion to transfer under §1404(a).")[2]

### B. The Forum Selection Clause Is Valid.

#### 1. The Forum Selection Clause Is Presumed Valid And Montoya Cannot Meet His Heavy Burden To Overcome This Presumption.

A forum selection clause is presumed valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). As the Ninth Circuit has explained:

> The Supreme Court has identified three grounds for repudiating a forum selection clause: first, if the inclusion of the clause in the agreement was the product of fraud or overreaching; second, if the party wishing to repudiate the clause would effectively be deprived of [his] day in court were the clause enforced; and third, if enforcement would contravene a strong public policy of the forum in which the suit is brought.

*Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998). Thus, [w]hen a defendant files [a Section 1404(a) motion based upon a forum-selection clause], a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49, 50-51 (2013). Here, Plaintiff does not address the forum selection clause at all, much less assert that it is invalid.

---

[2] While the forum selection clause also allows Montoya to bring suit in the Court of Common Pleas of Delaware County, given the diversity of the parties, this matter should proceed in Federal Court.

         **a.**     **The Forum Selection Clause Is Not A Product Of Fraud Or Overreaching.**

"To establish the invalidity of a forum-selection clause based on fraud or overreaching, Plaintiff must show that the inclusion of that clause in the contract was the product of fraud or coercion. Overreaching includes conduct short of fraud involving undue influence or overwhelming bargaining power." *Dolin v. Facebook, Inc.*, 289 F. Supp. 3d 1153, 1159 (D. Haw. 2018) (internal citations and quotations omitted). Plaintiff cannot make this showing.

The inclusion of the forum selection clause in the GIP was not the product of fraud or coercion. The clause itself is conspicuous. It is located in the Addendum for North America (found immediately adjacent to the GIP), which specifically applies to U.S. based employees of Ariba and is only 3 pages long. The clause is contained in a stand-alone paragraph directly under the bold font headings "Compliance With Local Laws And Regulations U.S." Further, the GIP and addenda, complete with the forum selection clause, was presented to Montoya via email link to an online portal. The email and the quota letter both instructed Montoya (in emphasized font) to review the GIP before signing and that his signature was an acknowledgement that he did read the GIP prior to signing. SAP did not place any restrictions on how long Montoya could review and consider the document, and did not demand that he agree to the GIP by any time certain. (Rosales Decl., ¶¶ 2-5, Exs. E and G.) Montoya thus had unfettered access to the document, could consider it outside the presence of anyone at SAP and at his leisure, and cannot credibly claim that the clause was the product of fraud or coercion.

Montoya may argue that the clause is invalid because it was not the product of negotiation or because he is unsophisticated relative to SAP. However, such arguments have been soundly rejected. *See, e.g., Wholesale Am. Mort., Inc. v. Integra Software Sys., LLC,* 2008 WL 2774187 , * 1 (N.D. Cal. 2008) (lack of

education and the fact that an employment contract was not negotiable are insufficient to overcome the strong presumption in favor of enforcing forum selection clauses). The argument fails as to Montoya for the additional reason that Montoya holds himself out to be a "senior account executive" who understood the need to conduct diligence prior to entering into a contract. (Compl., ¶¶ 10, 14-16.) Thus, Montoya cannot now claim that he is unsophisticated to avoid the mandate of the forum selection clause.

    **b.**  **Enforcement Of The Forum Selection Clause Will Not Deprive Montoya Of His Day In Court.**

  A plaintiff seeking to avoid compliance with a forum selection clause bears a "heavy burden" of showing that trial in the designated venue would effectively deny him a meaningful day in court. *Adema Techs., Inc. v. Wacker Chem. Corp.*, 657 Fed. Appx. 661, 663 (9th Cir. 2016) (dismissing case to enforce the parties' forum selection clause which specified Munich, Germany as the forum for disputes). Montoya cannot meet this heavy burden.

  Pennsylvania is the location where both of Defendants' high-level officers direct, control, and coordinate Defendants' activities and where the majority of the principal custodians of Defendants' corporate documents, data, and records, including incentive compensation plans, payroll records, policies, procedures, and training materials, reside. (Heck Decl., ¶¶ 3-4; Vickers Decl., ¶ 3.) Accordingly, the principal people with the most knowledge about Montoya's incentive compensation and commissions reside and work in Pennsylvania. *Id*.

  Further, the majority of the decision-makers relative to whether Montoya would receive a commission on the First Solar deal (and the amount of the potential commission or exception commission) reside in locations farther away from California than Pennsylvania, including two in Pennsylvania, and one each in Massachusetts, the United Kingdom, and Sweden. (Rosales Decl., ¶ 7.) All of the SAP employees and witnesses named by Montoya in his Complaint (other than

himself) work and reside outside of the Central District of California (in Pennsylvania, Chicago, Illinois, Miami, Florida, and Palo Alto, California). *Id*. The majority of the key decision-makers on SAP's Compensation Committee also work and reside outside of California (seven members in Pennsylvania, Massachusetts, Texas, Colorado, the United Kingdom, and Sweden and only one member in California). *Id.* Finally, although Montoya worked "remotely" out of his residence in Orange County, California, he was himself based in Palo Alto, California. (Compl., ¶ 4.)

Thus, the Central District of California does not bear a significant relationship to this dispute, and transferring this dispute to the Eastern District of Pennsylvania will not deprive Montoya of his day in Court. Indeed, Courts routinely enforce forum selection clauses even when the designated forum is a foreign country. *See, e.g., Adema Techs., supra*; *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 327 (9th Cir. 1996) (affirming the district court's upholding of the forum selection clause, which designated Mexico as the forum for disputes, though the plaintiff claimed that he would be deprived of a meaningful hearing in Mexico due to persecution). Accordingly, Montoya cannot show that enforcing the forum selection clause he agreed to will result in deprivation of his day in court.

        c.        **Enforcing The Forum Selection Clause Does Not Contravene Public Policy, And is Consistent With It.**

Public interest "factors will rarely defeat a transfer motion" and the "practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine,* 571 U.S. at 64. When parties have agreed to litigate disputes in a designated form, public policy is served by upholding their agreement:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in

the first place. *In all but the most unusual cases, therefore, the interest of justice is served by holding parties to their bargain.*

*Atl. Marine* at 66 (emphasis added). Nor can Montoya show that a California court is somehow superior to Pennsylvania in considering his commission (essentially a contract claim regardless of Montoya pleading the issue as a wage claim), fraud, and tort claims.

This is not the exceptional case where public policy demands that the dispute proceed where filed rather than in the forum to which the parties previously agreed. Rather, this is a single-plaintiff employment dispute raising commission-related claims commonly made by employees against their employers.

Further, the dockets in the Central District of California are more congested relative to those in the Eastern District of Pennsylvania. For example, in the twelve-month period ending June 30, 2022, judges sitting in the Central District had significantly more pending cases as their counterparts in the Eastern District of Pennsylvania. (Request for Judicial Notice ("RJN"), Ex. A.) Thus, as Montoya presumably wants his day in court, consideration of the courts' respective dockets also dictates transfer of this action to the Eastern District of Pennsylvania. *See, e.g., Ezieme v. Ward Int'l Trading, Inc.,* 2009 WL 2818394, *10 (C.D. Cal. 2009) (noting that, in ruling on a motion to transfer, courts may "consider the relative degrees of congestion between the transferor court's docket to that of the transferee court" and granting a motion to transfer based on docket congestion and other factors). Accordingly, public policy does not require this Court to repudiate the parties' forum selection clause, but rather, to enforce it.

### 2. California Labor Code §925 Does Not Void The Forum Selection Clause.

Montoya may argue that the forum selection clause is void under California Labor Code §925, which provides, in pertinent part, as follows:

    (a)   An employer shall not require an employee who primarily resides and works in California, <u>as a condition of employment</u>, to agree to a provision that would do either of the following:

    (1)   Require the employee to adjudicate outside of California a claim arising in California.

    (2)   Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

(emphasis added.)

Any such argument fails because acquiescence to the forum selection clause was not a condition of Montoya's employment. (Rosales Decl., ¶ 2-3, Ex. D.) The GIP was not even presented to Montoya until <u>after</u> he began working for SAP. (Rosales Decl., ¶¶ 3-5, Ex. D); *See, also,* RJN, Ex. B, p. 6-7, *Elwell v. SAP America, Inc., et al.*, Case No. 2:17-cv-08314-GW-AFM, (C.D. Cal. February 2, 2018) (Court found plaintiff's reliance section 925 misplaced as there was no evidence that the GIP qualified as a "condition of employment" agreement); RJN, Ex.C, p. 11, *Kutty v. SAP America, Inc., et al.*, Case No. 5:19-cv-02473-SVK (N.D. Cal. November 5, 2019) (finding that section 925 did not apply because Plaintiff was not required to sign the GIP as a condition of employment).

Furthermore, Montoya never raised the issue of the forum selection clause, never requested to opt out of it, or voiced any concerns whatsoever regarding it. (Rosales Decl., ¶ 4.) Acceptance of the GIP was not required for Montoya to remain employed by SAP. (Rosales Decl., ¶¶ 3-4.) The GIP simply provided for Montoya's ability to earn incentive payments beyond his base salary. *Id.* Thus, any argument that California Labor Code §925 voids the parties' forum selection clause necessarily fails, and the Court should enforce the clause.

    **C.**    **The Court Should Enforce The Valid Forum Selection Clause.**

When the parties' agreement contains a valid forum selection clause, "the plaintiff's choice of forum merits no weight" and courts "should not consider arguments about the parties' private interests." *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Court for W. Dist. of Texas,* 571 U.S. 49, 62-63 (2013). Rather, "a district

court may consider arguments about public-interest factors only." *Id.*, at 64. Except in the most exceptional circumstances, public interest factors warrant enforcement of the forum selection clause.

> The enforcement of a valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. For this reason, and because the overarching consideration under §1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional circumstances.

*Atl. Marine Constr. Co. Inc. v. U.S. Dist. Court for W. Dist. of Texas,* 571 U.S. 49, 62-63 (2013) (internal citations and quotations omitted); *see, also,* RJN Ex. B, *Elwell*, Case No. 2:17-cv-08314-GW-AFM (Court enforced the forum selection clause in the GIP between plaintiff and defendant, SAP America, Inc., finding that plaintiff's arguments were not "nearly enough to establish the 'rare' type of situation that would overcome the parties' contractually-agreed forum.") and RJN Ex. C, *Kutty v. SAP America, Inc., et al.*, Case No. 5:19-cv-02473-SVK (N.D. Cal. November 5, 2019) (in a single-plaintiff complaint based on the alleged failure to pay a commission, enforcing the forum selection clause in the GIP between plaintiff and SAP America, Inc., finding "there is nothing exceptional here which would warrant disrupting the legitimate expectations of the parties.").

As the party acting in violation of the forum selection clause, Montoya must bear the burden of showing that public interest factors overwhelmingly disfavor a transfer of this action. *Id.*, at 67. Montoya cannot meet this burden. Montoya brings claims commonly asserted by employees against their employers, and his claims will likely proceed to trial more expeditiously in the Eastern District of Pennsylvania than they could in this Court. (RJN, Ex. A.) Accordingly, the Court should enforce the parties' forum selection clause.

**D.     This Action, In Its Entirety, Should Be Transferred To The Eastern District Of Pennsylvania.**

The forum selection clause in the GIP is expansive and applies to all causes of action Montoya attempts to plead, regardless of how he characterizes them. It covers "[a]ny action or proceeding **relating to** [the GIP], this Addendum and the overall Revenue Generating Incentive Plan **and to any agreement relating to** [the GIP], this Addendum and the overall Revenue Generating Incentive Plan." (Rosales Decl., ¶ 3, Ex. A, p. 57 (emphasis added).)  Use of "relating to" in a clause means that the clause is subject to broad interpretation. *Robles v. Schneider Nat'l Carriers, Inc.*, No.  EDCV162482JGBKKX, 2017 WL 8232083, at *3 (C.D. Cal. Dec. 11, 2017)(the court rejected plaintiff's argument that the forum selection clause did not apply his misclassification claim under the California Labor Code and enforced the parties' forum selection clause that broadly governed claims "relating hereto"); *Scott v. Lopez,* 2013 WL 1182957, *3 (N.D. Cal. 2013) (the court rejected plaintiff's argument that the forum selection clause applied only to claims "directly relating to" the agreement and enforced the parties' forum selection clause as to all claims asserted by the plaintiff, including his tort claims).  Thus, in addition to covering claims on the contract, the forum selection clause also applies to any claim that is "related to the agreement bearing the clause or raises issues that require analysis thereof." *Zako v. Hamilton Co.,* 2016 WL 344883, * 4 (N.D. Cal. 2016).

Forum selection clauses plainly apply to the tort and statutory (including the California Labor Code and California Business & Professions Code) claims Montoya raises here. *Robles,  supra; Scott, supra; Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (noting that forum selection clauses "can be equally applicable to … tort causes of action."); *Robles v. Comtrack Logistics, Inc.*, 2015 WL 1530510 (E.D. Cal. 2015)(broad "relating to" forum selection clause applied to California Labor Code claim); *Perry v. AT&T Mobility*

*LLC,* 2011 WL 4080625, at *3 (N.D. Cal. Sep. 12, 2011) (broad "relating to" forum selection clause applied to California's Business and Professions Code and Labor Code claims); *see, also,* RJN, Ex. B, p. 2, *Elwell*, Case No. 2:17-cv-08314-GW-AFM (transferring contract claim and nine California statutory claims related to alleged non-payment of commissions); RJN, Ex.C, p. 11-12, *Kutty*, Case No. 5:19-cv-02473-SVK (transferring contract claim and statutory and tort claims for discrimination, harassment, fraud, and negligent misrepresentation finding that a "fair reading" of the plaintiff's complaint "demonstrates that [p]laintiff's claims have a 'causal connection' to the non-payment of a substantial commission, one which Defendant claims is not due under the GIP").

      Montoya's claims, and all of them, plainly relate to the GIP.  As Montoya was a SAP salesperson, the GIP governed various aspects of his employment, including, crucially, his commission and other incentive payments.  At its heart, Montoya's Complaint is a claim for an unpaid commission from the First Solar deal.  Though Montoya cloaks his claims as "Failure to Pay Wages" and "Waiting Time Penalties" generally, these claims are specifically based on the alleged unpaid commission from the First Solar Deal.  (Compl., ¶¶ 12-20.)  Even though he does not bring a contract claim for the unpaid commission (in an obvious attempt to avoid the GIP's provisions), his claims and/or elements of them clearly relate to the GIP and related documents or require application of the GIP and related documents' terms, which governed whether he was entitled to the commission and earned the commission/ wages.  *See Oman v. Delta Air Lines, Inc.*, 9 Cal. 5th 762 (2020) ("The compensation owed employees is a matter determined primarily by contract.")  This is especially the case since the GIP, on its face, indicates that it, along with information contained in related documents, "fully govern revenue generating incentive plans."  (Rosales Decl., ¶ 2, Ex. A, §1, p. 4.)

      Further, Montoya's unfair business practices, wrongful termination, fraud, and negligent misrepresentation claims allege in essence that SAP employees gave

him assurances about earning commission on a deal with First Solar, he relied on the assurances and performed work on the deal, Defendants then denied Montoya the commission, and Montoya resigned his employment in an alleged "constructive" discharge. (*See, e.g.,* Compl., ¶¶ 12-20, 59, 69.)  Specifically:

- whether Montoya was entitled to receive the commission requires application of the GIP and related documents' terms;
- whether it was reasonable for Montoya to rely on any oral statements about receiving commissions from SAP employees requires application of the GIP's terms, including who had authority to modify incentive payments under the plan;
- whether it was an unfair business practice to determine Montoya did not earn a commission on the deal requires application of the GIP; and
- whether it was an "intolerable" working condition to not receive the commission requires consideration of the GIP provisions.

Montoya's subsidiary claim for failure to allow inspection and copying of records also "relates to" the GIP because the heart of the dispute and the reason for the request to inspect records related to the alleged unpaid commission on the First Solar deal. Thus, his statutory and tort claims clearly "relate to" the GIP given Montoya's allegations that he should have received the commission and the failure to pay the commission constituted constructive discharge. (Compl., ¶¶ 12-20.)

Accordingly, Montoya's claims, and all of them, are subject to the forum selection clause.  The Court should therefore grant the instant Motion, transferring the instant action to the Eastern District of Pennsylvania.

### IV.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant the instant Motion and enter an Order transferring this action, in its entirety, to the Eastern District of Pennsylvania.

| | | |
|---|---|---|
| 1 | Dated: October 26, 2022 | **DUANE MORRIS LLP** |
| 2 | | |
| 3 | | By: */s/ Brian L. Johnsrud* |
| 4 | | BRIAN L. JOHNSRUD<br>Attorneys for Defendants<br>ARIBA INC. and SAP AMERICA, INC. |